**In re WEST.**

[Cite as *In re West* (1998), 128 Ohio App.3d 356.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72599.

Decided June 15, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Rita Johnson,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Robert M. Ingersoll,* Assistant Public Defender, for appellant.

TIMOTHY E. MCMONAGLE, Presiding Judge.

Appellant Shaun West appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, which found appellant delinquent and placed him in the custody of the Ohio Department of Youth Services ("ODYS"). For the reasons that follow, we reverse the finding of the trial court and remand for further proceedings.

The record reflects that appellant was charged with being a delinquent child for acts that, if committed by an adult, would constitute burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. During the arraignment, appellant admitted to the charge against him, notwithstanding that he was without counsel and had been served the complaint by the court only during the arraignment.

In addressing the appellant, the court stated:

"THE COURT: Well, we're going to serve you today then. This is a copy of it. This will save us from sending it through the mail to you. You can sign a waiver that you waive service of process. She'll give you another form to sign in a minute. Do you know what this charge is?

"APPELLANT: Burglary.

"THE COURT: How do you know that?

"APPELLANT: Because [the ODYS representative] told me what I was being charged with.

"THE COURT: You want me to read this to you or explain it?

"APPELLANT: No.

"THE COURT: Do you know what kind of a felony this is?

"APPELLANT: A two.

"THE COURT: It's a felony two. Well, you've been informed. Do you admit or do you want a lawyer?

"APPELLANT: No.

"THE COURT: Do you want to go ahead today without a lawyer?

"APPELLANT: Yeah.

"THE COURT: You going to admit or deny?

"APPELLANT: Admit.

"THE COURT: Do you understand you could go back—you could go back to DYS for a year?

"APPELLANT: Yeah.

"THE COURT: Do you understand that? You understand that?

"APPELLANT: Yes.

"THE COURT: You're in the detention center?

"APPELLANT: Yes.

"THE COURT: Do you understand I could leave you there till a future time when I decide what to do with you?

"APPELLANT: Yes.

"THE COURT: I could place you on probation. You could be fined, ordered to pay court costs. You could be forced in order to pay back this person whose house you burglarized if there was any—if there were any damages.

"* * *

"THE COURT: Do you want to admit to this charge?

"APPELLANT: Yeah.

"THE COURT: I'm not trying to talk you into it, I'm not trying to talk you out of it. I just want to make sure you know what you're doing. Do you want to admit to this charge? Yes or no?

"APPELLANT: Yes.

"THE COURT: Do you understand the possible penalties?

"APPELLANT: Yes.

"THE COURT: All right, the Court accepts the child's admission. He's adjudicated delinquent for burglary, a felony of the second degree."

After a discussion between the court and the ODYS representative concerning appellant's history and the facts surrounding the burglary, the court committed appellant to the custody of ODYS.

Appellant timely appeals and assigns the following error for our review:

"Shaun West was deprived of his liberty without his right to a trial when the trial court judged him to be a delinquent on the basis of an admission that did not comport with the requirements of Juv.R. 29."

Appellant challenges the court's acceptance of his admission to the aforementioned charge on the basis that there was no compliance with Juv.R. 29(D)(1) and, therefore, requests this court to reverse the adjudication of delinquency and remand for further proceedings. The state concedes that the court's acceptance of the admission was flawed and likewise requests this court to reverse.

Juv.R. 29(D) governs the initial procedure upon an entry of an admission and provides:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

 In order to satisfy the requirements of this rule, the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily. *In re McKenzie* (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377, 1378–1379, citing *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843. An admission once made is reviewed for substantial compliance with these requirements. *Id.* See, also, *In re William H.* (1995), 105 Ohio App.3d 761, 766, 664 N.E.2d 1361, 1364–1365. Absent a showing of prejudice, if there is substantial compliance with the rule, the plea is voluntarily and intelligently entered and will not be disturbed on appeal. See *State v. Stewart* (1977), 51 Ohio St.2d 86, 92–93, 5 O.O.3d 52, 55–56, 364 N.E.2d 1163, 1166–1167. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476; *In re Jenkins* (1995), 101 Ohio App.3d 177, 181, 655 N.E.2d 238, 240. The test for prejudice is "whether the plea would otherwise have been made." *Stewart,*

*supra,* at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; see, also, *In re Palmer* (Nov. 21, 1996), Franklin App. No. 96APF03–281, unreported, 1996 WL 673537.

As can be ascertained from the excerpted colloquy above, the trial court failed even to minimally comply with the requirements of Juv.R. 29(D). While appellant was personally addressed, there was only minimal discussion of the charged offense and the penalties associated with that offense. More alarming is the fact that there is no discussion regarding the rights that appellant would be waiving by entering an admission and only a cursory attempt at inquiring of appellant's right to counsel. Because the trial court's acceptance of appellant's admission did not comply with Juv.R. 29(D), it is not valid.

Accordingly, appellant's sole assignment of error is well taken and is sustained.

*Judgment reversed
and cause remanded.*

PATTON and ROCCO, JJ., concur.