DECISION AND JUDGMENT ENTRY
This case is on appeal from the March 7, 2000 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which committed James W. Brown to the Ohio Department of Youth Services following his admission to charges of committing sexual battery in violation of R.C. 2907.03(A). Brown's mother sought an appeal to this court and asserts the following sole assignment of error:
 "THE TRIAL COURT DID NOT DETERMINE WHETHER JAMES B.'S ADMISSION WAS KNOWINGLY AND VOLUNTARILY MADE, THUS DENYING HIM DUE PROCESS."
Appellant argues in her sole assignment of error that while the magistrate used the language of Crim.R. 29(D) to determine whether Brown was making a knowing, intelligent, and voluntary admission, she did not ensure that he did in fact understand the rights he was waiving. Appellant contends that the magistrate should have altered her questions because of his mental and emotional condition.
As this court stated in In re Christopher R. (1995), 101 Ohio App.3d 245,248, a juvenile's admission in a delinquency case is similar to an adult's guilty plea because both involve the waiver of constitutional rights. In the Christopher case, we held that the court must substantially comply with the provisions of Juv.R. 29(D) before accepting the admission. Accord, In re West (1998), 128 Ohio App.3d 356, 359-360. Juv.R. 29(D) provides that:
 "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 "The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule."
In this case, the court complied with Juv.R. 29(D) by asking Brown a series of questions regarding whether he understood that he was giving up specific rights. To each inquiry, Brown stated that he did understand that he was waiving that right. At the time of the inquiry, there is no indication on the record that Brown did not fully comprehend the dialogue with the court. After the inquiry, there was discussion on the record regarding the fact that Brown was under psychiatric care and that he was taking several different medications on a daily basis. However, there was no evidence on the record that Brown's mental condition or medications interfered with his mental capacity to understand the proceedings. Therefore, we find appellant's sole assignment of error not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
James R. Sherck, J., Mark L. Pietrykowski, J. George M. Glasser, J., JUDGES CONCUR.
 ____________________________ JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.