OPINION
Appellant David Bowen appeals from the January 3, 2000, and January 24, 2000, Judgment Entries of the Stark County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 4, 1999, a complaint was filed in the Stark County Court of Common Pleas, Juvenile Division charging appellant David Bowen with being delinquent by reason of having committed one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. The complaint alleged that appellant, who was twelve years old, had touched the five year old victim's vaginal area both on top of and under her clothes and had "stuck a toothbrush in the victim's bottom." At his arraignment on April 15, 1999, appellant entered a plea of not guilty. At appellee's request, the trial court amended the charge to one count of sexual imposition, a misdemeanor of the third degree. Thereafter, appellant, on September 28, 1999, entered a plea of true. The following colloquy took place at the September 28, 1999, hearing: STATE: Thank you Your Honor. Your Honor pursuant to our lengthy pretrial discussions the state would move to amend this ah one count of gross sexual imposition to one count of sexual imposition. It is a misdemeanor of the third degree in section 2907.06 would there be a change of plea to that charge Your Honor? COURT: Mr. Huston what is your understanding of that . . . is that your understanding? DEFENSE: Yes, pursuant to our Rule 11 negotiations and extensive pretrial ah we had agreed that ah we would withdraw our prior plea and admit to the misdemeanor of sexual imposition based on the considerations as discussed in chambers. COURT: All right. Have you had the opportunity Mr. Huston to discuss with your client and his parents the ramifications of a change of plea at this time to the amended charge? DEFENSE: Yes Your Honor I have. I have spoken to them in length about ah what the plea means and ah what the ramifications of that plea will be as far as David and what David will be obligated to do to satisfy this court. That he has resolved any problems that brought this about. COURT: All right. Are you David? A Yeah. COURT: You want to stand up. Mr. Huston . . . ah first of all for the record the court will sustain the state's motion to amend this charge to be a misdemeanor of the third degree sexual imposition. Mr. Huston tells me that ah he's discussed with you what it means to change your plea to true to this charge as it's been amended is that right? A Yes sir. COURT: You understand as you ah stand there you're not guilty or delinquent of anything. Do you understand that? A Yes sir. COURT: And ah the state of Ohio would have to prove a case against you to my satisfaction ah by calling witnesses and introducing you know other evidence and whatever and if they failed to do that I wouldn't find that you're delinquent. I'd find that you're not delinquent and by changing your plea your ah letting the state off in effect from proving a case against you do you understand that? A Yes sir. COURT: In other words if you plead true and I am going to find that you are delinquent and the state doesn't have to prove that anymore do you understand that? A Yes sir. COURT: Do you know that this is um this is a very serious offense for which you could be locked up in the Attention Center do you understand that? A Yes sir. COURT: And uh you would have a right through Mr. Huston to call your own witnesses or cross examine the state's witnesses ah you could testify or not testify as you choose. Those are rights that you are giving up to if you change your plea do you understand that? A Yes sir. COURT: And who are these people here beside you? A My dad and my mom. COURT: Have you had a chance to discuss with them whether or not this is what you ought to do and this would be in your best interests? A Yes sir. COURT: Are they supportive of you doing this? A Yes sir. COURT: Okay and ah do you have any questions about these rights or anything whatsoever? A No sir. COURT: Is that the way you want to resolve this case here today? A Yes sir. COURT: All right . . . well . . . well to this one count of gross sexual imposition which is a third degree misdemeanor how do you want to plead true or not true. A True. COURT: All right. Upon your plea of true I'm gonna find that you are delinquent by one reason by reason on one count of sexual imposition. You may be seated for the moment. . . .
Transcript of September 28, 1999 hearing at 4-7. Thereafter, the trial court found appellant delinquent and ordered that appellant serve 90 days in the Attention Center. The 90 days were ordered suspended under the following conditions: "1. Follow existing Risk Assessment treatment plan to the letter. . . . 2. Probation Services ordered and outpatient rules. "A Judgment Entry memorializing appellant's plea and sentence was filed on September 28, 1999. On the same day, appellant signed a written "Acknowledgment upon entering an admission" stating as follows: "1. I have made this admission to the Court voluntarily with full understanding of the nature of the allegations and consequences of the admission. 2. I understand that by entering this admission, I am waiving my rights to challenge the witnesses and evidence against me, that I am waiving my right to remain silent and to introduce evidence at an adjudicatory hearing."
The written acknowledgment also was filed on September 28, 1999. At a hearing held before the trial court on January 3, 2000, appellant orally moved for permission to withdraw his guilty plea based on a written memo provided to the trial court by defense counsel. The trial court, pursuant to a Judgment Entry filed on January 3, 2000, denied appellant's motion to withdraw his guilty plea finding that the "plea was voluntarily and knowingly entered into by the juvenile." The trial court, after finding that appellant had failed to comply with the terms of the suspended 90 day sentence, also ordered that appellant be immediately incarcerated for 90 days. Thereafter, on January 25, 2000, appellant filed a written "Motion to Vacate Judgement Entry of 9/28/99 and Motion to Permit Minor Child to Withdraw Plea of True." Appellant, in his motion, alleged, in part, that his plea was not made knowingly or intelligently, that he was under medication at the time of his plea, and that the attorney representing him at the time of his plea failed to provide him with effective assistance of counsel. Appellant, who requested an evidentiary hearing, also alleged that the trial court failed to address him and advise him as of the effect of his plea of true. In support of his allegations, appellant attached both his own and his father's affidavits. The trial court, pursuant to a Judgment Entry filed on January 24, 2000, once again overruled appellant's motion to withdraw his plea, stating that such issue had been "examined in a hearing on 1-3-00 in open court and the court overruled them then." It is from the trial court's January 3, 2000, and January 24, 2000, Judgment Entries that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT COMMITTED AN ERROR OF LAW BY VIOLATING DAVID BOWEN'S CONSTRUCTIONAL (SIC) RIGHTS TO DUE PROCESS BY ACCEPTING SAID JUVENILE'S ADMISSION TO A MISDEMEANOR OFFENSE OF GROSS SEXUAL IMPOSITION WITHOUT COMPLYING WITH THE STATUTORY REQUIREMENTS OF JUVENILE PROCEDURE RULE 29(D)(1).
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW HIS PLEA OF TRUE BASED ON THE ALLEGATIONS OF INEFFECTIVE COUNSEL.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF TRUE.
 I
Appellant contends, in his first assignment of error, that the juvenile court erred when it accepted his plea of true without complying with the requirements of Juv.R. 29(D)(1). We agree. Juvenile delinquency proceedings must comport with the requirements of due process. In re Gault (1967), 387 U.S. 1. Ohio codified this due process requirement in Juv.R. 29. This rule provides, in pertinent part: (D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. A plea of true in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11. In re Jenkins (1995), 101 Ohio App.3d 177,179. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995),101 Ohio App.3d 778, 781; In re McKenzie (1995), 102 Ohio App.3d 275,277. In order to satisfy the requirements of Juv.R. 29(D), "the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998), 128 Ohio App.3d 356, 359, citing In re McKenzie, supra. at 277 (Emphasis added). Juv.R. 29(D) also places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567, 571. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See, for example, In re Royal (1999),132 Ohio App.3d 496, 504 and In re Brooks (1996), 112 Ohio App.3d 54,57. The "failure of the juvenile court to substantially comply with Juv.R. 29(D) has [a] * * * prejudicial effect * * * necessitating a reversal of the adjudication so that the juvenile may plead anew." In re Doyle (1997), 122 Ohio App.3d 767, 772, citing In re Hendrickson (1996),114 Ohio App.3d 290, 293. It is based on this standard that we review appellant's first assignment of error. Appellant in the case sub judice specifically contends that the lower court failed to comply with the requirements of Juv. R. 29(D) since it did not question appellant as to whether his admission was voluntary and since it failed to inform appellant of the nature of the charges pending against him prior to his plea of true. Upon our review of the transcript in this matter, we agree with appellant's argument. Although appellant, on September 28, 1999, signed a written acknowledgment stating that his plea was voluntary, at no point did the trial court conduct an "on-the-record discussion" with appellant to determine whether his plea was being entered knowingly and voluntarily. See In re West, supra. While the trial court did ask appellant "[i]s that the way you want to resolve this case here today," the trial court never specifically asked appellant whether his plea of true was made voluntarily. Moreover, as is evidenced by the above colloquy, while the juvenile court stated that it was amending the original charge to sexual imposition, a misdemeanor of the third degree, the court never reviewed the nature of the allegations against appellant as is required by Juv.R. 29(D)(1). See In re Orr (Apr. 3, 2000), Tusc. App. No. 1999AP040032, unreported. In Orr, this court held that the trial court had failed to review the nature of the allegations against the appellant where the "only mention of the charge against appellant was made by appellant's attorney when he indicated, to the juvenile court, that appellant was present on a charge of auto theft." In the case sub judice, nowhere in the transcript of the September 28, 1999, hearing does the trial court explain the sexual imposition charge to appellant. Although the trial court was not required to give a lengthy explanation of each element of such offense, it was required to make sure that appellant had at least a basic understanding of the charge brought against him. See In re Flynn (1995), 101 Ohio App.3d 778, 782. However, the trial court failed to do so. For the foregoing reasons, we conclude that the juvenile court did not substantially comply with Juv.R. 29(D). In short, the trial court did not insure that appellant "was making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission" as is required by Juv. R. 29(D). Accordingly, appellant's first assignment of error is, therefore, sustained.
 II, III
Appellant, in his second and third assignments of error, contends that the trial court erred in denying appellant's request for a hearing on his Motion to Withdraw his plea of true based on allegations of ineffective assistance of counsel and that the trial court abused its discretion in overruling such motion. Based on this court's disposition with respect to appellant's first assignment of error, appellant's second and third assignments of error are moot.
For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is hereby reversed and this case is remanded for further proceedings.
Edwards, J. Gwin, P.J. and Wise, J. concur