JOURNAL ENTRY and OPINION
The appellant herein, Lisa Glenn, appeals from the trial court's grant of permanent custody of her minor child Kenya Reed (d.o.b. February 9, 1998), to the Cuyahoga County Department of Children and Family Services (CCDCFS), despite the fact that the appellant agreed at the hearing held by the trial court that it was in the best interest of the child, as well as in the appellant's own best interest, that custody be awarded to CCDCFS. For the reasons adduced below, we affirm the decision of the trial court.
On February 11, 1998, a complaint was filed by the CCDCFS in the Cuyahoga County Court of Common Pleas — Juvenile Division alleging that baby Kenya was an abused child and requesting temporary custody be awarded to the CCDCFS. The basis for this request was that Kenya had tested positive for cocaine immediately after her birth. On June 12, 1998, the trial court granted predispositional temporary custody to CCDCFS. On August 25, 1998, appellant admitted to the allegations of an amended complaint and the trial court adjudicated Kenya as abused and committed her to the temporary custody of CCDCFS. On July 29, 1999, CCDCFS filed a new complaint in which it sought permanent custody of Kenya. Because service of the parties was not completed within the statutory time period, this complaint expired by operation of law. On October 26, 1999, a third complaint was filed alleging that the child was neglected and again requesting that permanent custody be awarded to CCDCFS. After two continuances, the case came on for hearing on May 4, 2000. At the hearing the appellant admitted to the allegations of the complaint and stated on the record that she believed that Kenya should be committed to the permanent custody of the CCDCFS. The trial court proceeded to adjudicate the child neglected and committed her to the permanent custody of CCDCFS.
The appellant now appeals from the order of the trial court and presents a singular assignment of error for this court's review:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S ADMISSION OF THE ALLEGATIONS OF THE COMPLAINT AS THE TRIAL COURT FAILED TO COMPLY WITH JUV.R. 29(D).
Contrary to the assertions of the appellant, the record before this court indicates that the trial court fully complied with Juv.R. 29(D) prior to accepting the appellant's admission to the truthfulness of the essential facts contained in the complaint. Juv. R. 29(D) states:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
The determination of whether a party's admission complies with Juv.R. 29 is similar to that used in determining whether a criminal defendant's guilty plea complies with Crim.R. 11. See, e.g., In re West (1998),128 Ohio App.3d 356, 359, 714 N.E.2d 988, 990. We review the record for substantial compliance with Juv.R. 29. Id. This court must analyze not whether the trial court strictly complied with the letter of the rule, but whether the appellant adequately understood her rights and the effect of her admission. Id.; State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476. The trial judge was not required to repeat the rote language of Juv.R. 29(D) in the appellant's presence, but simply determine that she understood the allegations contained in the complaint and the consequences of her admission. In re Clark (Jan. 18, 2001), Cuyahoga App. No. 76852, unreported.
In this case, the court complied with Juv.R. 29(D) by asking the appellant a series of questions regarding whether she understood that she was giving up specific rights by admitting to the allegations contained in the complaint. To each such inquiry, appellant stated that she did understand the nature of the right that she was waiving. At the time of the inquiry, there is no indication on the record that appellant did not fully comprehend the dialogue with the court. To the contrary it appeared as if the appellant fully comprehended the nature of the rights that she was waiving as well as the fact that she was voluntarily agreeing to surrender custody, as is illustrated by the following excerpt from the May 4, 2000 hearing:
 THE COURT: * * * Lisa, you have had a chance, then, to discuss these matters at length with both your attorney, Mr. Arinze, and also with your guardian ad litem, Mr. Judge, who, by the way, is also an attorney.
MS. GLENN: Yes.
THE COURT: You have had that chance, correct?
MS. GLENN: Yes.
 THE COURT: Okay. This decision of yours, then, to come in here today and to admit to the truthfulness of the allegations in the two complaints, and also to agree with the permanent custody going to the Children and Family Services Agency; this decision to go forward on that today, is this your free choice to do so?
MS. GLENN: Yes.
 THE COURT: Okay, in other words, no one has forced you to come in here today to agree with these allegations and to agree with permanent custody?
MS. GLENN: No.
 THE COURT: And no one has promised you anything in order to get you to agree with this?
MS. GLENN: No.
* * *
 THE COURT: * * * And then, as to Kenya Reed, which also is a complaint for neglect and for permanent custody, do you agree with the truthfulness of the allegations in that complaint * * *?
MS. GLENN: Yes.
 THE COURT: All right, the court will accept your admission in that complaint as well. And it is true, then, that you also agree with permanent custody in both cases?
MS. GLENN: Yes.
 THE COURT: Okay. No one has forced you into that decision either?
MS. GLENN: No.
THE COURT: That is your free choice as well?
MS. GLENN: Yes.
Both the appellant's counsel and her guardian ad litem also represented to the court that they had spoken to the appellant and advised her of each of the rights that she was waiving by making an admission as to the truthfulness of the complaint.
It is clear to this court that the trial court substantially complied with the dictates of Juv.R. 29 by ensuring that the appellant fully understood the nature of the voluntary agreement that she was entering into.
Accordingly, the appellant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., PATRICIA A. BLACKMON, J., CONCUR.