OPINION
Samara Dillard, a juvenile, appeals two judgments of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio. In Juvenile Case No. 108926, the court found appellant delinquent for committing the crime of arson in violation of R.C. 2909.03. That case is appealed to us in Appellate No. 2001CA00121. In Juvenile Case No. 111705, the court found appellant was delinquent for violation of a prior order entered in the earlier case. That appeal comes before us in Appellate No. 2001CA00093. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 SAMARA DILLARD'S ADMISSION TO THE CHARGE OF ARSON WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV. R. 29.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT VIOLATED SAMARA DILLARD'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DID NOT FOLLOW THE PROPER PROCEDURES FOR PROBATION REVOCATION.
 ASSIGNMENT OF ERROR NO. 3 SAMARA DILLARD'S ADMISSION TO THE VIOLATION OF COURT ORDER WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND JUV. R. 29.
 ASSIGNMENT OF ERROR NO. 4 THE TRIAL COURT ERRED WHEN IT FAILED TO CREDIT THE DAYS SAMARA DILLARD SERVED IN THE DETENTION CENTER AND THE MULTI-COUNTY RESIDENTIAL TREATMENT CENTER TOWARD THE BALANCE OF HER COMMITMENT.
The record indicates on September 29, 1999, an officer of the Canton Fire Department filed a complaint against appellant, who was at the time age 13, alleging she had set fire to the curtains of her parent's home, which damaged the walls and window frame, and did smoke damage to the home. Appellant had been admitted to the hospital for smoke inhalation. On October 29, 1999, the Juvenile Court held a dispositional hearing, and granted temporary custody of appellant to the Stark County Department of Human Services. The court imposed a minimum six month commitment to the Department of Youth Services, stayed on condition she not violate any court order, probation, or law. In addition, the court ordered participation in an intensive fire starter program, mandatory school attendance, and good behavior in the home, school, and community.
On April 25, 2000, appellant appeared in the Juvenile Court charged with violating the court's order. Appellant admitted the violation and disposition was set for May 25, 2000. At the dispositional hearing, appellant was released to the Stark County Department of Human Services, but on July 21, 2000, appellant was placed at the Multi-County Residential Treatment Center until further order of the court. The order also provided appellant could be charged with escape if she left the residential treatment center without permission.
On December 27, 2000, appellant appeared in court and admitted to violating the court's prior order again. On January 24, the court conducted a dispositional hearing, and committed appellant to the Department of Youth Services for a minimum of six months and the maximum period not to exceed her 21st birthday.
 I
In her first assignment of error, appellant challenges the court's acceptance of her plea of true to the charge of arson.
Juv. R. 29 (D) requires that a court shall not accept an admission of true without addressing the juvenile personally and determining both that the party is making the admission voluntarily, with understanding of the nature of the allegations and the consequences of admitting them, and also that the juvenile understands an admission waives various rights, including the right to challenge witnesses and evidence, the right to remain silent, and the right to introduce evidence at the hearing.
At the hearing on October 5, 1999, the magistrate conducted an exchange with appellant regarding her plea. The magistrate first inquired whether appellant understood she had a right to a trial, and appellant responded "yes." The magistrate inquired whether appellant understood that if there was a trial she would have the right to call and subpoena witnesses and the right to cross examine and question the State's witnesses. Appellant responded "yes." The magistrate then inquired whether appellant understood her right to offer evidence on her own behalf or find what information the State has against her, and appellant once again answered "yes." The magistrate asked appellant if she understood that if her plea was accepted, the court could sentence her to the Department of Youth Services, and appellant responded "yes." Finally, the magistrate asked if she willingly and voluntarily wished to enter a plea of true, and appellant responded "yes." Thereupon the court accepted appellant's plea. Tr. of Proceedings of October 5, 1999, pages 5 and 6. Appellant signed a Juv. R. 29 form, which listed appellant's rights and the charges against her.
The State concedes the magistrate did not strictly comply with Juv. R. 29, but nevertheless asserts the magistrate substantially complied with the rule.
In the case of In Re: Royal (1999), 132 Ohio App.3d 496, the Mahoning County Court of Appeals held a waiver form is not a valid substitute for court's duty to personally address a juvenile and determine that the admission was being made voluntarily and with an understanding of the juvenile's rights. Daniel Royal was 14 years old at the time of his hearing, as was appellant at the time of hers.
In the case of In Re: West (1998), 128 Ohio App.3d 356, the Court of Appeals for Cuyahoga County discussed the concept of substantial compliance as it pertained to Juv. R. 29. The court found substantial compliance with the Juvenile Rule means that under the totality of the circumstances, the record demonstrates the juvenile subjectively understood the implications of his admission and the rights being waived. West at 359, citing State v. Nero (1990), 56 Ohio St.3d 106. TheWest court found absent a showing of prejudice, if there is substantial compliance with the rule, the court may conclude the plea was voluntarily and intelligently entered. The test for prejudice is whether the plea would otherwise have been made, see State v. Stewart (1977),51 Ohio St.2d 86.
It is clear, then, that substantial compliance is less than complete compliance with the Rule, but sufficient to satisfy the purposes of the Rule, considering the entire exchange between the parties. The purpose in the Rule here is explicit; it is intended to ensure a juvenile does not enter a plea of true unless he or she understands the charges, the penalties, and the juvenile's rights before the court.
In the case at bar, the court did not explain the nature of the allegations against appellant. In fact, a review of the entire transcript of the hearing on October 5, 1999 discloses the charge of arson was never mentioned. At the outset, the trial court expressed confidence appellant's attorney had spent a great deal of time with her explaining her rights, but we find that it is insufficient to demonstrate on the record the court's independent knowledge that appellant knew of the nature and seriousness of the allegation.
Secondly, the court did not explain appellant had the right to remain silent, and that an admission of true to the charge would waive that right. The court did not explain to appellant the State had the burden of proving the charges beyond a reasonable doubt. Finally, the court did not fully explain the penalties appellant faced, other than by advising her she could be sentenced to the Department of Youth Services.
In conclusion, we find the dialogue between the court and appellant does not constitute substantial compliance with Juv. R. 29. While it is entirely possible the court's previous contact with appellant made it privy to further information about the case and appellant's understanding of proceedings, this court is limited to the record before us. Under the totality of the circumstances, we must find the court should not have accepted appellant's plea of true to the charge of arson.
The first assignment of error is sustained.
 II
In her second assignment of error, appellant argues the court did not follow the proper procedures for probation revocation when, after hearings on December 27, 2000, and January 24, 2001, the court committed appellant to the Department of Youth Services.
Juv. R. 35 (B) directs a court not to revoke probation except after a hearing at which the juvenile is present and has been informed of the grounds on which the revocation is proposed. The court must find the child has violated a condition of probation before the court may revoke the probation.
At the hearing on December 27, 2000, it is apparent appellant was distraught, asserting she had been locked up for 7 months, including over Christmas. At the outset, appellant asserted she would rather plead true than sit and wait around. The court then addressed appellant, asking her if she understood that if she wanted to, she could continue with her "not true" plea. The court advised her with a "not true" plea she would preserve her right to a trial, and the right to have the State prove the charges against her by proof beyond a reasonable doubt. The court explained to appellant the State would call witnesses, and her attorney could challenge the evidence. Appellant could also take the stand on her own behalf, or remain silent. The court also advised appellant her attorney could call witnesses to testify on her behalf, if she continued her "not true" plea. The court advised appellant on the other hand, if she changed her plea to true there would not be a trial and she would be admitting to the court she had violated the prior court order. The court advised if she pled true it would find her delinquent and could send her to the Department of Youth Services for a minimum period of six months and not to exceed her 21st birthday. The court advised appellant she could be ordered to attend various community action programs, sent to the Attention Center, or released to the Department of Job and Family Services. Appellant indicated she understood all that, and wished to plead true.
The court then inquired whether anyone was forcing appellant to make the true plea, and appellant responded her lawyer was forcing her. The court responded her attorney was not forcing her to plead true, but was rather telling her if she wanted to have a trial she could. Thereupon appellant asserted she did not know what to plead because she wanted to go home and not to the Department of Youth Services. The court reminded her if she pled "not true" she would be denying the allegations and they would proceed to trial. Appellant then responded "Well if I was denying it that would be lying right there. You know what I did. So I plead true."
However, appellant then asked what happened if she pled true, and the court advised her she could be sent to DYS for a minimum of six months not to exceed her 21st birthday. Appellant became upset at the prospect of remaining in custody until her 21st birthday, approximately 7 years. Appellant indicated her caseworker thought she should plead true and appellant wished to know if she could find out immediately whether she could go home or not. When the court advised appellant to speak to her attorney, she responded she did not wish to, because her attorney was trying to keep her locked up. Thereupon, appellant pled true and the court accepted the plea.
Finally, the court inquired whether appellant had anything to say before it entered sentence. Appellant again expressed distress over being locked up over Thanksgiving and Christmas, and explained to the court she thought she would be released to her family.
Once again, it appears the court did not discuss with appellant the specific court orders the State was alleging she had violated.
We find the Juvenile Court erred in accepting appellant's plea of true before advising her of the probation conditions she was accused of violating, and ascertaining she understood the implications of pleading true.
The second assignment of error is sustained.
 III
In her third assignment of error, appellant asserts her admission to the charge of violating the court order was not made knowingly, intelligently, and voluntarily.
Inasmuch we have found in II, supra, that the court failed to notify appellant at the start of the hearing what court order she was charged with violating, we must also find her admission to the charge was not made knowingly, intelligently, and voluntarily, especially upon review of the dialogue discussed above in II.
The third assignment of error is overruled.
 IV
In her fourth assignment of error, appellant urges the court should have credited her with time served at the Attention Center and Multi-County Residential Treatment Center towards the balance of her commitment.
R.C. 2151.355 requires the court to state in its order of commitment the total number of days that the child has been held in detention in connection with the complaint upon which the order of commitment is based.
The State argues appellant did receive 51 days credit for the time she spent in detention between October 5, when she entered a plea of true to the arson charge, until November 19, 1999, when she was released. Appellant, however, asked for time served between May 13, 2000 and February 15, 2001. The State's response is that appellant had pled true to a charge of violation of a prior court order in April of 2000, and it was a result of this charge that she received the disposition placing her back into detention.
We find the State's argument is flawed. Appellant's plea of true to the charge of violation of a prior court order stemmed from the conditions of probation placed upon her for the original arson charge. The new charge of violation of a prior court order is a condition of probation, not a separate criminal offense bringing with it a separate sentence. Had the State brought a complaint for contempt of court for violation of the prior court order, that may be considered a new charge, but upon this record, it appears the only criminal charge against appellant was the original charge of arson.
We find the trial court erred in not giving appellant credit for time served after she pled true to the charge of violating a prior order. Accordingly, the fourth assignment of error is sustained.
For the foregoing reasons, the judgments of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, are reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.