OPINION
Appellant, Wandel P. Jordan ("appellant"), appeals from the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, finding him delinquent of two charges of aggravated assault and one charge of domestic violence.
On April 16, 2001, a complaint was filed against appellant alleging he was a delinquent child for having committed the offenses which, if committed by an adult, would be domestic violence and two counts of felonious assault. The charges stemmed from an incident occurring on April 14, 2001, involving appellant, his mother, and stepfather.
Appellant, then 15 years of age, appeared before the trial court on April 25, 2001. Accompanying appellant to court that day were his grandmother, stepfather, and the Children Services Board. The grandmother has custody of appellant. The trial court entered a plea of not true on appellant's behalf. The trial court explained the substance of the complaint to appellant. The trial court also stated that the two charges of felonious assault and the one charge of domestic violence could result in commitment to the Department of Youth Services for a period of one year for each of the felonious assault charges.
Appellant again appeared before the trial court on May 16, 2001. Appellant's mother, stepfather, counsel, and the Children Services Board were present. Appellant's mother and stepfather were the victims of his attack which resulted in the charges at issue.
The prosecutor explained that appellant intended to change his plea to true for the domestic violence charge. The state amended the charges of felonious assault to aggravated assault. Defense counsel agreed appellant wanted to plead true to the charges. Appellant replied in the affirmative when asked by the trial court if he understood. The trial court explained appellant's constitutional rights. The trial court then asked if appellant was waiving all these rights and entering a plea of true to the charges. Appellant replied yes. The trial court stated the prosecutor recommended a sentence of six months for the three charges. The trial court pointed out appellant could have received two years. The trial court then accepted the plea of true.
In his sole assignment of error, appellant contends the trial court committed plain error by entering a plea on appellant's behalf without complying with Juv.R. 29. Specifically, appellant argues the trial court did not comply with the notice provisions of Juv.R. 29(B)(1) by failing to ascertain if notice had been either obtained or waived. Also, appellant posits the trial court did not state the substance of the complaint, the purpose of the hearing, and the possible consequences as mandated by Juv.R. 29(B)(2) and Juv.R. 29(D)(1).
Juv.R. 29(B) states, in pertinent part, that at the beginning of the hearing, a trial court must ascertain whether notice requirements have been complied with or, if not, whether the affected parties have waived compliance. The court must inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing. Juv.R. 29(B)(2). Juvenile proceedings must comply with due process requirements, including that of adequate written notice. In reGault (1967), 387 U.S. 1. Parents are considered to be necessary parties to any proceeding concerning their child and must be served. Id. The court must issue a summons directed to the child, the parents, guardian, custodian, or other person with whom the child may be and any other persons that appear to the court to be proper and necessary parties to the proceedings. R.C. 2151.28(C). The provisions of R.C. 2151.28 are mandatory and jurisdictional. See In re Dingess (July 15, 1998), 4th Dist. No. 97CA2531, 1998 Ohio App. LEXIS 3335.
There is no summons issued to the child's mother or grandmother in the record before this court. The trial court made no mention of, or inquiry about, the notice requirements. At the April 25, 2001 hearing, the grandmother was present but the mother was not. At the May 16, 2001 hearing, the mother attended but the grandmother was absent. At the first hearing, the trial court stated that the grandmother had custody of appellant. Therefore, her absence from the hearing at which the plea was entered is troubling. There is no indication in the record that she, or appellant's mother, ever received a written summons concerning the proceedings. The trial court did not comply with the notice provisions of Juv.R. 29(B) and R.C. 2151.28. Therefore, it lacked jurisdiction to proceed in the matter.
Appellant also argues that the trial court did not explain the allegations set forth in the complaint or the possible consequences of the plea. Appellant asserts he did not actually enter a plea to the charges. Appellant claims the trial court entered the plea for him.
Juvenile delinquency proceedings must comport with the requirements of due process. In re Gault, supra. Ohio codified the due process requirement in Juv.R. 29. Juv.R. 29(D) provides, inter alia, that a court shall not accept an admission without first addressing the juvenile personally and determining that he or she is making the admission voluntarily, with understanding of the nature of the allegations and the consequences of entering the admission. A rote recitation of the language contained in Juv.R. 29(D) is not necessary. However, the trial court must determine that the juvenile understands the allegations contained in the complaint and the consequences of the admission. In re Clark (2001),141 Ohio App.3d 55, 59-60. The analysis employed in determining whether a juvenile's admission complies with Juv.R. 29 is similar to that used in determining whether a criminal defendant's guilty plea complies with Crim.R. 11. In other words, the trial court must determine whether the juvenile adequately understood his or her rights and the effect of the admission. In re West (1998), 128 Ohio App.3d 356, 359. The court is not required to give a detailed explanation of each element of the offense brought against a juvenile but must ensure the juvenile has some basic understanding of the charge. In re Flynn (1995), 101 Ohio App.3d 778,782. The admission to the charge may not be communicated through the juvenile's attorney in lieu of the juvenile personally entering the admission. In re Beechler (1996), 115 Ohio App.3d 567, 571.
A trial court must strictly comply with respect to explaining a juvenile's constitutional rights. In re Javis (Sept. 15, 2000), 11th Dist. No. 99-A-0017, 2000 Ohio App. LEXIS 4207. For non-constitutional rights, substantial compliance is required. The test for substantial compliance is whether the plea would otherwise have been made. See Statev. Stewart (1977), 51 Ohio St.2d 86. A failure to substantially comply with Juv.R. 29(D) constitutes prejudicial error, warranting a reversal of the judgment so as to permit the juvenile to plead anew. In re Royal
(1999), 132 Ohio App.3d 497. The juvenile court's degree of compliance with Juv.R. 29 is subject to a de novo standard of review. See In reBeckert (Aug. 8, 1996), 8th Dist. 68893, 1996 Ohio App. LEXIS 3319.
After the trial court explained to appellant his constitutional rights, the following exchange occurred:
 "THE COURT: You are waiving all of those rights including your right to appeal and entering a Plea to the charge of Domestic Violence, Felony of the 5th Degree, two counts of Felony assault, Felonies of the 4th Degree; is that right?
"THE CHILD: Yes, ma'am."
This was sufficient to show appellant entered the plea himself. The prosecutor then gave his recommendation regarding the sentence. The trial court addressed appellant:
 "THE COURT: The recommendation of the Prosecutor is that as a result of these three Felonies, that you will be sentenced to the Department of Youth Services for six months total on all three charges.
"THE CHILD: Total?
 "THE COURT: You could have gotten two years, but you understand your behavior will keep you there or let you out of there you will be there longer than six months if you go down there and decide not to follow the rules. They will keep you there until they decide you are ready to go home. Do you understand that?
"THE CHILD: Yes, ma'am.
"THE COURT: Do you have any questions?
"THE CHILD: No, ma'am.
 "THE COURT: Plea of True is accepted to the charge of Domestic Violence and to the amended charges."
As reflected by the above dialogue between the court and appellant, the trial court did not accept the plea until after it advised appellant of the possible sentence he could receive for the offenses. The trial court should have the juvenile enter his plea after the explanation of the consequences upon remand and in future cases. In this way, the record will be clear that the juvenile understood the possible sentence prior to his or her entering a plea to the charges. Upon remand, the trial court should apprise appellant of the consequences before the juvenile enters his plea. In this way, the trial court clearly will comply with the dictates of Juv.R. 29.
The trial court did inform appellant of the substance of the complaint at the April hearing. Due to the fact that the two hearings were close in time, the explanation at the earlier hearing substantially complied with the requirements of Juv.R. 29.
Appellant's assignment of error is well-taken with regard to the notice issue. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.