JOURNAL ENTRY AND OPINION
T. D., biological mother of N.D. and M.D., appeals the judgment of the juvenile court which granted permanent custody of the girls to the Cuyahoga County Department of Children and Family Services (CCDCFS). On appeal, she assigns the following as error for our review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO COMPLY WITH RULE 29(d), OHIO RULES OF JUVENILE PROCEDURE, WHEN IT DID NOT ADVISE THE APPELLANT AT THE TIME OF HER ADMISSION OF HER RIGHTS TO REMAIN SILENT AND TO INTRODUCE EVIDENCE AT THE ADJUDICATORY HEARING.
Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court. The apposite facts follow:
 On May 9, 2001, CCDCFS refiled a complaint alleging neglect and dependency and requested it be granted permanent custody of N.D. and M.D.[1] CCDCFS removed the children from their home on January 8, 2001 because of the mother's mental health issues. At a hearing held on September 19, 2001, the mother stipulated to an amended complaint. In the amended complaint CCDCFS alleged neglect and sought permanent custody of the children. The complaint reiterated the family's history with CCDCFS and the mother's continuing mental health issues. Prior to accepting the mother's stipulation, the court engaged in the following dialogue with her:
* * *
 First of all, do you understand that the possible consequences of your admission to the allegation of dependency and neglect, and finding of the children to be dependent, maybe the termination of all your parental rights and responsibility as to the children. Meaning, that if so ordered you would not be able to have contact with the children, possession of the children, custody, visitation and so forth. Do you understand those possible consequences?
[Mother]: Yes.
* * *
 THE COURT: Do you understand the Department would have a burden of proving dependency by trial if you did not commit (sic)?
[Mother]: Yes.
 THE COURT: Do you also understand that at the trial, you have the right to cross-examine any and all of their witnesses and of (sic) people come before this court to testify on your behalf?
[Mother]: Yes.
 THE COURT: Okay. Are you knowingly and voluntarily entering the admission that the children are dependent as defined by Ohio law?
[Mother]: Yes.
* * *
After the trial court accepted the mother's stipulation and heard testimony, the trial court adjudicated the children dependent and the matter was continued for a dispositional hearing.
The trial court conducted a dispositional hearing on October 1, 2001, and although the mother did appear for the hearing, she voluntarily left against the advice of counsel. At the conclusion of the hearing, the trial court granted permanent custody to CCDCFS.
On appeal, the mother argues the trial court failed to comply with Juv.R. 29(D); specifically, she states the trial court did not advise her of her right to remain silent and to introduce evidence at the adjudicatory hearing.
Juv.R. 29(D) provides:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.[2]
Thus, before a juvenile court may accept an admission made by a party, it must personally address the actual party to ensure that the admission was voluntarily and intelligently made; i.e., to determine whether the party understands the consequences of the admission.[3] These protections apply as equally to parents as they do to juveniles.[4] The failure of a lower court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. [5]
In order to satisfy the requirements of this rule, the court must address the party personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily.[6] An admission once made is reviewed for substantial compliance with these requirements[7], and absent a showing of prejudice, if there is substantial compliance with the rule, the plea is voluntarily and intelligently entered and will not be disturbed on appeal.[8] Substantial compliance means that under the totality of the circumstances, one subjectively understands the implications of the plea and the rights being waived.[9] In a custody case, substantial compliance would mean that the parent admitting the truthfulness of the allegations in the complaint understands certain basic rights and the admission would result in a waiver of those rights.
In this case, the court held a discussion with the mother on the record and determined she entered the admission knowingly and voluntarily. The rule does not mandate strict compliance; rather, it contemplates substantial compliance. Based on the transcript, we conclude the trial court substantially complied with Juv.R. 29(D) prior to accepting the mother's admission of dependency. Accordingly, the assigned error is without merit and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The initial complaint had been dismissed prior to resolution.
[2] See In re Fennell, Athens App. No. 01CA45, 2002-Ohio-521.
[3] See In re Kimble (1996), 114 Ohio App.3d 136, 682 N.E.2d 1066; Accord In re Beechler (1996), 115 Ohio App.3d 567, 685 N.E.2d 1257
(Wherein the court analogized Juv.R. 29(D) to Crim.R. 11(C)); In re Jones, (Apr. 13, 2000), Gallia App. No. 99CA4.
[4] See, e.g., In re Smith (1991), 77 Ohio App.3d 1, 601 N.E.2d 45
(finding that a parent's admission to neglect in an action to terminate custody was invalid when the record establishes that the parents were not personally addressed by the trial court). Accord In re Etter (1998),134 Ohio App.3d 484, 731 N.E.2d 694.
[5] In re Beechler, supra at 573. See In re Jones, supra.
[6] In re West (1998), 128 Ohio App.3d 356, 359, 714 N.E.2d 988, citing In re McKenzie (1995), 102 Ohio App.3d 275, 656 N.E.2d 1377.
[7] In re West, supra.
[8] Id.
[9] Id., citing State v. Nero (1991), 56 Ohio St.3d 106, 108,564 N.E.2d 474.