OPINION
{¶ 1} Appellant Tamerlye White is the natural mother of James, Allan, Sarah, Robert, and Andrew White. On February 21, 2001, appellee Stark County Department of Job and Family Services filed a complaint alleging that all five children were dependent, neglected, and abused. At a trial on May 11, 2001, both appellant and James White, the natural father of the children, stipulated that the children were neglected.
 {¶ 2} After unsuccessful completion of the case by the parents, appellee filed a motion seeking permanent custody of all five children on January 16, 2002. The matter was scheduled for a hearing on May 15, 2002. At that time, the parties submitted a proposed resolution of all issues for approval of the court. The parties requested that the court allow the agency to withdraw its request for permanent custody of James, and to extend custody of that child with the agency through August of 2002, intending that he would be transitioned into the custody of his paternal grandparents as soon as practical. In exchange for this, the parents would voluntarily surrender their parental rights with respect to the other four children. Prior to the commencement of the hearing, counsel for both parents had reviewed and secured their clients' signatures on a standard parental consent to permanent custody form.
 {¶ 3} Following a colloquy with the parents concerning the rights they would give up by waiving a trial, as well as the effect of surrendering permanent custody, the court accepted the stipulation and awarded permanent custody of Allan, Sarah, Robert, and Andrew to appellee.
 {¶ 4} Appellant assigns a single error on appeal:
 {¶ 5} "APPELLANT'S STIPULATION PERMANENT CUSTODY FAILED TO COMPLY WITH JUVENILE RULE 29(D) AND WAS IN VIOLATION OF HIS DUE PROCESS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."
 {¶ 6} This case has been placed on the accelerated docket pursuant to App.R. 11.2. Appellant argues that the court did not comply with Juv. R. 29(D) in accepting her stipulation to permanent custody. The Rule provides:
 {¶ 7} (D) Initial procedure upon entry of an admission
 {¶ 8} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 9} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 10} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 11} In order to satisfy the requirements of this Rule, the trial court must address the party personally and conduct an "on the record" discussion to determine whether the admission is being entered knowingly and voluntarily. In Re: West (1998), 128 Ohio App.3d 356, 359. If there is substantial compliance with the mandates of the Rule, the acceptance of the admission should not be disturbed on appeal. Id.
 {¶ 12} The record reflects that the trial court thoroughly advised appellant of the options available to her. The court informed appellant that if the case went to trial, after hearing the evidence, he could grant the permanent custody motion, place the children into a planned permanent living arrangement, extend temporary custody, return the children to appellant's home subject to protective supervision, or return custody to the parents with no restrictions. Tr. 19. Appellant understood that she acknowledged these options. Tr. 20. The court further explained the trial procedure should appellant desire a hearing. He informed appellant that appellee would have the burden of proving its case by clear and convincing evidence, that appellee would call witnesses, and that her lawyer had the right to cross-examine the witnesses. Id. He explained that appellant's trial counsel had the right to compel attendance of witnesses to testify on her behalf, and she could not be compelled to make incriminating statements against her interest. Id. Appellant acknowledged her understanding of these trial procedures. Id.
 {¶ 13} The court explained the meaning of permanent custody. The court informed appellant that all of her legal rights with regard to the children would be terminated by a grant of permanent custody. Id. Appellant acknowledged that she understood this concept, and engaged in a dialogue with the court, stating that she was willing to permanently surrender custody of four of the children, as long as appellee carried through with the promise regarding James living with his paternal grandparents, and appellant's right to have final visit with James. Tr. 21. She stated on the record that as long as the court agreed to enforce those terms, she agreed to the stipulation of permanent custody as to the other children. Id. The court further made sure appellant understood that once the court accepted the agreement, there was no turning back, and she would have no legal rights to step in to dictate how the children should be raised. Id. She indicated pursuant to questioning from the court that other than the agreement regarding dismissal of the permanent custody motion as it pertained to James, no one had threatened her to make the decision, and no one had promised anything.
 {¶ 14} It is apparent from the record that the court complied with the requirements of Crim R. 29(D) in accepting the admission.
 {¶ 15} Appellant argues that the admission was not voluntary, as she made the admission in exchange for the dismissal of the permanent custody motion as to one of the children. However, the court engaged in a discussion with her concerning this promise, and appellant indicated that she desired to surrender permanent custody as to the other four children in exchange for this promise.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By Gwin, J., Hoffman, P.J., dissents
Wise, J., concurs separately
Topic: Juv. R. 29(D) — stipulation