{¶ 88} I concur with the disposition of this case by the majority. I write separately to indicate why I find that the March 2, 2004, Journal Entry was a final appealable order, and, thus, an appeal of that order at this time is untimely. I also write separately to indicate that had the appeal of the March 2, 2004, Journal Entry been timely, I would have found that the colloquy was inadequate.
 {¶ 89} In the case sub judice, the March 2, 2004, Journal Entry indicates that adjudicatory and dispositional hearings were held on February 23, 2004, that the children are dependent children, and that a further dispositional hearing will be held on May 19, 2004. The final sentence of the March 2, 2004, Journal Entry reads: "It is the further order of the Court that a copy of this entry shall constitute notice of said hearing to be sent to all necessary parties by regular mail." The trial court's appearance docket for March 2, 2004, thereupon indicates: "JE TO ALL PARTIES." No appeal was filed from such Journal Entry.
 {¶ 90} The Ohio Supreme Court has made clear that "[o]nce the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served." Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph 2c of the syllabus. Additionally, "[a]lthough the docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary." State ex rel.Ormond v. City of Solon, Cuyahoga App. No. 82553, 2003-Ohio-5654, ¶ 8, citing Winters v. John Doe (Sept. 10, 1998), Cuyahoga App. No. 74384, citing DeFini v. City of Broadview Heights (1991), 76 Ohio App.3d 209,213, 601 N.E.2d 199.
 {¶ 91} Therefore, under the procedural facts of this case, I would find that this Court lacks direct appeal jurisdiction over the issues raised in appellant-mother's second assignment of error and appellant-father's first assignment of error due to the untimeliness of their notices of appeal. See In re Roberts, Guernsey App. No. 04 CA 41, 2005-Ohio-2672. While the Journal Entry finding the children to be dependent was filed on March 2, 2004, appellant-mother filed her Notice of Appeal on April 28, 2005, and appellant-father filed his Notice of Appeal on May 4, 2005.
 {¶ 92} However, if I were to assume that the parties' appeals were timely, I would find that the trial court failed to comply with Juv.R. 29(D) in accepting the parties' admissions to dependency. Juvenile Rule 29(D), provides as follows:
 {¶ 93} "The Court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 94} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 95} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 96} In order to satisfy the requirements of this Rule, the trial court must address the party personally and conduct an "on the record" discussion to determine whether the admission is being entered knowingly and voluntarily. In Re: West (1998), 128 Ohio App.3d 356, 359,714 N.E.2d 988. If there is substantial compliance with the mandates of the Rule, the acceptance of the admission should not be disturbed on appeal. Id. Substantial compliance means that the party adequately understood her rights and the effect of her admission. State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "In a case where parental rights are permanently terminated, it is of utmost importance that the parties fully understand their rights and that any waiver is made with full knowledge of those rights and the consequences which will follow."Elmer v. Lucas Cty. Children Serv. Bd. (1987), 36 Ohio App.3d 241, 245,523 N.E.2d 540, 544.
 {¶ 97} Upon review of the transcript of the February 23, 2004, hearing, it is clear that the trial court did not address the parties personally and ensure that each party: (1) was making the admission to dependency voluntarily with understanding of the nature of the allegations and the consequences of the admission and (2) understood that by entering an admission, that party was waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. Since the parties, in the case sub judice, are mentally retarded, it is of utmost importance that the trial court substantially comply with Juv.R. 29(D) in accepting an admission to dependency.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Juvenile Division, Cambridge Ohio, is affirmed. Costs assessed to Appellants equally.