**In re McKENZIE,**

[Cite as *In re McKenzie* (1995), 102 Ohio App.3d 275.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67843.

Decided March 30, 1995.

*James P. Boyle,* Cuyahoga County Assistant Prosecuting Attorney, for appellee.

*Robert M. Ingersoll,* Cuyahoga County Assistant Public Defender, for appellant.

NAHRA, Judge.

Appellant, Antonio McKenzie, is appealing the trial court's journal entry finding him delinquent and committing him to the Ohio Department of Youth Services. Appellant contends the trial court's acceptance of his admission to the amended complaint was in violation of Juv.R. 29 and appellant's constitutional rights. For the following reasons, we reverse and vacate the admission and the commitment, and remand.

The complaint against appellant alleged that he had received a stolen automobile, a third-degree felony. On the record, the prosecutor stated that after discussing the matter with McKenzie's attorney, the prosecutor was prepared to amend the complaint to attempted receiving stolen property, a fourth-degree felony. The prosecutor further stated that the youth was prepared to enter an admission to the amended complaint. McKenzie's attorney agreed with the prosecutor's statements. Then, the prosecutor briefly summarized the facts of the case. Immediately thereafter, the judge granted the prosecutor's motion to amend the complaint and accepted Antonio McKenzie's admission. The judge never addressed appellant personally to ascertain whether appellant understood the consequences of an admission or understood the rights he was waiving. Antonio McKenzie never personally stated on the record that he admitted the amended charge.

Appellant's sole assignment of error states:

"Antonio McKenzie was deprived of his liberty without his right to a trial, when the trial court judged him to be a delinquent on the basis of an admission that did not comport with the requirements of Juv.R. 29."

Juv.R. 29(D) states:

■ "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

Juv.R. 29 requires the judge to address the youth personally and conduct an on-the-record exchange to determine whether the admission is knowing and voluntary. *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843; *In re Green* (1982), 4 Ohio App.3d 196, 198, 4 OBR 300, 302, 447 N.E.2d 129, 130–131; see *In re Smith* (1991), 77 Ohio App.3d 1, 15, 601 N.E.2d 45, 54. Such an on-the-record personal exchange is required for a valid guilty plea pursuant to Crim.R. 11(C)(2). *McCarthy v. United States* (1969), 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; *State v. Caudill* (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601; *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. Review of an admission pursuant to Juv.R. 29(D) is similar to review of a guilty plea pursuant to Crim.R. 11(C)(2). *In re Allen* (Jan. 13, 1994), Cuyahoga App. No. 64441, unreported, at 2–3, 1994 WL 11326; *In re Meyer*, supra.

A valid waiver cannot be presumed from a silent record. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *In re Meyer, supra; Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309. The prosecutor must affirmatively demonstrate that the requirements of Juv.R. 29(D) or Crim.R. 11(C)(2) were met. *Id.* Representations by the defendant's attorney that the defendant understood the rights waived and the consequences of his plea are not sufficient to demonstrate a knowing and voluntary waiver. *State v. Caudill* and *McCarthy, supra.*

In this case, the judge did not address appellant personally to determine if appellant understood the consequences of his admission and the rights waived. The statements by the prosecutor that the youth had discussed the admission with his attorney and the concurrence in this statement by appellant's attorney were not sufficient to demonstrate a knowing and voluntary waiver. The admission did not comply with Juv.R. 29(D) and is therefore void.

We need not address appellant's contention that there was no admission on the record because appellant himself did not make the admission.

Accordingly, this assignment of error is sustained.

The decision of the trial court is reversed and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARPER, P.J., and O'DONNELL, J., concur.