OPINION
Appellant Dalon Thomas appeals the 1996 decision of the Stark County Court of Common Pleas, which accepted his guilty plea on an indictment for aggravated murder, and pronounced sentence. The relevant facts leading to this appeal are as follows. In April 1996, the Stark County Grand Jury indicted appellant for aggravated murder with a death penalty specification, attempted aggravated murder with a firearm specification, and illegal possession of a firearm in a liquor establishment. The charges stemmed from a fatal shooting that occurred in a bar in Canton. Appellant originally entered pleas of not guilty to the charges. However, prior to the commencement of trial, appellant opted to change his plea pursuant to the terms of a negotiated plea agreement with Appellee State of Ohio. On August 26, 1996, pursuant to said agreement, and following a hearing under Crim.R. 11, the trial court accepted appellant's guilty plea and sentenced him accordingly. On December 23, 1999, appellant filed a motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1. We later affirmed the trial court's denial of the motion to withdraw the plea. See State v. Thomas (Aug. 21, 2000), Stark App. No. 2000CA00017, unreported. In the meantime, appellant successfully sought leave from this Court to file a delayed appeal from the his guilty plea and sentence of August 26, 1996. He herein raises the following sole Assignment of Error:
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANTS (SIC) GUILTY PLEA THAT WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE[,] THEREBY DENYING APPELLANT DUE PROCESS OF LAW.
In his sole Assignment of Error, appellant maintains the trial court erred in accepting his guilty plea because it was not knowingly and voluntarily made. We disagree. Crim.R. 11 provides the circumstances under which a trial court may accept a guilty plea. It provides in pertinent part:
(C) Pleas of guilty and no contest of felony cases
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled testify against himself or herself.
Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995),101 Ohio App.3d 778, 781; In re McKenzie (1995), 102 Ohio App.3d 275,277. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See State v. Billups (1979), 57 Ohio St.2d 31,38. We have reviewed the transcript of the August 21, 1996 proceedings at which the trial court accepted the guilty plea. T. at 645-681. We find the trial court addressed appellant personally and conducted an extensive and thorough examination as required by Crim.R. 11. Further, appellant entered into a written plea of guilty in which appellant admitted he had been advised of his rights, understood the nature of the charges, and the rights he gave up by entering a guilty plea. Appellant specifically contends that the following exchange demonstrates that confusion existed on his part at the time of his plea, compounded by his lack of a high school education:
 THE COURT: Do you have any questions about that that you wish to ask me?
THE DEFENDANT: As far as?
 THE COURT: As to what is meant by the term "aggravated murder" or any of the elements of that crime?
THE DEFENDANT: Yes, I do.
THE COURT: Do you have any questions that you want to ask?
THE DEFENDANT: No.
 THE COURT: You understand — likewise, you understand what's meant by the term "firearm specification"?
THE DEFENDANT: Yes.
 THE COURT: The charge of attempted aggravated murder, do you have any questions concerning the elements of that crime? By "elements" I mean the factors that have to be found to exist for you to be found guilty of that crime.
Do you have any questions about that?
THE DEFENDANT: Yes.
THE COURT: Do you have questions?
 MR. HAUPT: He's asking you do you have any questions? Your lawyers have explained those elements to you, and do you understand them fully?
THE DEFENDANT: Uh-huh.
 THE COURT: Likewise on the charge of illegal possession of a firearm in a liquor permit premises, do you have any questions about that, what is needed to prove that against you; what facts the State would have to prove, what elements would be needed to be proven against you before you could be found guilty? Do you have any questions about that?
THE DEFENDANT: Yes.
THE COURT: You have to answer out loud for me.
THE DEFENDANT: No.
T. at 662-664.
Upon review of the aforecited colloquy, read in context with the pertinent remainder of the 1996 transcript, we find appellant's position lacks merit. Therefore, because the record demonstrates substantial compliance with Crim.R. 11 and gives no support to appellant's claim that his plea was not knowingly and voluntarily made, the sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.