OPINION
On October 7, 1999, the Richland County Grand Jury indicted appellant, Andrew L. Franklin, Jr., on one count of robbery in violation of R.C. § 2911.02(A)(2) and one count of aggravated robbery in violation of R.C. § 2911.01(A)(3). Appellant entered a no contest plea to both charges at a hearing held on February 14, 2000, in accordance with a plea agreement. Said plea agreement provided that appellant would submit to a polygraph examination with a stipulation that the State would dismiss the charges if the results indicated truthfulness. Conversely, the appellant would be found guilty on his no contest plea if the results indicated untruthfulness. On May 1, 2000, appellant was found guilty on his plea of no contest based on a determination that the results of the polygraph were deceptive. At such time a presentence investigation was ordered. By judgment entry filed June 19, 2000, the trial court sentenced appellant to three (3) years in prison on count one and seven (7) years in prison on count two. The sentences on count one and count two were ordered to be served concurrently. Appellant was also ordered to pay restitution in the amount of $3,525.00. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY PURSUANT TO A POLYGRAPH STIPULATION WHERE DEFENDANT MAINTAINED HIS INNOCENCE AND THE RESULTS OF THE POLYGRAPH WERE NOT SUBMITTED TO THE COURT NOR PROPERLY VERIFIED.
 II. DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED (1) WHEN HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND (2) WHEN HE WAS NOT GIVEN AN OPPORTUNITY TO REVIEW THE RESULTS OF THE POLYGRAPH EXAMINATION, SUCH TO REQUIRE REVERSAL OF HIS CONVICTION.
 I
Appellant claims that the court committed error by finding the appellant guilty pursuant to the plea agreement because the appellant maintained his innocence and said polygraph results were not verified. We disagree. Crim.R. 11 provides the circumstances under which a trial court may accept a plea of no contest. It provides in pertinent part: (C) Pleas of guilty and no contest of felony cases * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11 requires the court to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778,781; In re McKenzie (1995), 102 Ohio App.3d 275, 277. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See State v. Billups (1979), 57 Ohio St.2d 31, 38. We have reviewed the transcript of the February 14, 2000, proceedings at which the trial court accepted the no contest plea. T. at 3-15. We find the trial court addressed appellant personally and conducted an extensive and thorough examination as required by Crim.R. 11. Further, appellant entered into a written plea of no contest in which appellant admitted he had been advised of his rights, understood the nature of the charges, and the rights he would be giving up if found guilty on his plea of no contest. The polygraph stipulation which was executed on February 14, 2000, contained the following provision: 12) By the execution hereof, defendant agrees to enter a No Contest Plea to Counts I and II of the indictment to wit: Robbery, 2911.02(A)(2), F-2, and Aggravated Robber, 2911.01(A)(3), F-1. In the event defendant is found to be deceptive in his answers to the questions posed by the polygraph examiner regarding the Robbery and Aggravated Robbery charges, then the Court will make a finding of guilty on defendant's No Contest Plea(s) and proceed to sentencing. In the event defendant is found to be truthful in his responses to all questions posed by the polygraph examiner regarding the Robbery and Aggravated Robbery charges, then the defendant shall be found not guilty on his No Contest Plea(s) and the case 99-CR-557-D will be dismissed.
Nowhere in the stipulation does is require that said polygraph results be submitted to the trial court for review and verification. Upon review of the hearing transcripts and the polygraph stipulation, we find appellant's position lacks merit. The record demonstrates substantial compliance with Crim.R. 11 and further supports that appellant's plea was knowingly and voluntarily made. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant raises claims of ineffective assistance of trial counsel. Appellant claims that trial counsel failed to assure compliance with procedural safeguards in allowing appellant to enter the polygraph stipulation and further failed to require production and verification of said results. We disagree. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra, at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A review of the transcript of the May 1, 2000, hearing, (T. at 2) shows that both the prosecutor and defense counsel represented to the trial court that the appellant had failed the polygraph examination as the results of such examination were deceptive. There is nothing in the record to indicate that defense counsel had not had an opportunity to review said results. There is no evidence in the record that the conduct by trial counsel in allowing the appellant to enter into the polygraph stipulation was unreasonable. There is also no evidence that the result of the proceeding would have been different. In fact, eyewitness testimony was provided at the sentencing hearing on June 16, 2000, (T. at 4-6) by one of the victims in this case. Appellant's second assignment of error is overruled. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 ____________ Boggins, J.
Wise, J. concur. Hoffman, P.J., concurs separately.