JOURNAL ENTRY AND OPINION
This case is an appeal from an order of Juvenile Court Judge Peter Sikora that denied L.D.'s motion to withdraw his plea of admit to charges of operating a motor vehicle under the influence of alcohol after underage consumption, and to vacate his conviction. Because we find that the proceedings, during which L.D. entered his plea, were not recorded, contrary to the mandate set forth in Juv.R. 37(A), we vacate L.D.'s conviction and remand.
On August 7, 1999, at about 1:14 a.m., L.D., with a seated passenger and two others standing on the running boards, was driving a Jeep on a road within the Bay Point Marina in Marblehead, Ohio. A police officer, driving in the opposite direction, turned around to follow and, when he stopped the Jeep, the two people riding on the outside of the Jeep jumped off and fled. L.D. admitted drinking some beer, failed a field sobriety test, and consented to a breathalyzer test that registered 0.057 BAC. He was charged with operation of a motor vehicle while under the influence of alcohol or drugs of abuse, (R.C. 4511.19(A)(1), a first-degree misdemeanor), and operation of a motor vehicle with a prohibited breath alcohol reading of greater than 0.02g/210L of deep lung breath — underage consumption (R.C. 4511.19(B)(2), a fourth-degree misdemeanor).[1]
L.D.'s case was transferred to the Cuyahoga County Juvenile Court for disposition, and after two hearings before magistrates, where he appeared with his parents but without counsel, he entered a plea of admit to the charge of operating a motor vehicle under the influence of alcohol after underage consumption, in violation of R.C. 4511.19(B)(2). He paid a fine, had his driving privileges restricted until November 16, 2000, and attended a Teen Intoxicated Driver Intervention program.
On March 24, 2000, L.D. moved to withdraw his plea and vacate his conviction on the grounds that he had not been fully advised of his rights and the implications and penalties associated with the plea, including a mandatory driver's license suspension. He further alleged that his admittance was made without the benefit counsel and, therefore, he unknowingly waived the opportunity to assert a possibly meritorious defense relating to the methods the Marblehead police used in administering his breathalyzer test. The judge denied the motion on September 25, 2000.
While L.D. assigns three errors, we find his second and third assignments of error jointly dispositive, rendering the remaining assignment moot.[2]
 II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW [HIS] PLEA.
We note at the outset that, while L.D. has argued this appeal as though it concerned the denial of a motion to withdraw a guilty plea under Crim.R. 32.1, Crim.R. 1(C)(5), provides that the Rules of Criminal Procedure explicitly do not apply to * * * juvenile proceedings against a child. Issues involving the withdrawal of a plea of admit under Juv.R. 29(C) should be analyzed according to the Rules of Juvenile Procedure and the constitutional protections springing therefrom which may be applicable to both adult and juvenile criminal prosecutions.
Juv.R. 29(D) provides:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admissions;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
In order to satisfy the requirements of this rule, the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily.[3] An admission once made is reviewed for substantial compliance with these requirements and,[4] absent a showing of prejudice, if there is substantial compliance with the rule, the plea is voluntarily and intelligently entered and will not be disturbed on appeal.[5]
Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.[6]
In the case sub judice, the judge evaluating L.D.'s motion to withdraw his plea and vacate his sentence could not possibly have found substantial compliance with Juv.R. 29 and the adequacy of the exchange of information between L.D. and the magistrate at the time of his admit plea because there was no record made of the proceeding for him to review in making such a determination. The second assignment of error has merit.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO STRICTLY COMPLY WITH THE JUVENILE COURT RULES WHICH REQUIRE THE COURT TO RECORD ADJUDICATORY AND DISPOSITIONAL HEARINGS.
L.D. argues that Juv.R. 37(A) places a mandatory duty upon Juvenile Court to record proceedings where, as here, a magistrate accepts the admission of a juvenile to an offense charged. According to Juv.R. 37(A):
 [t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
The Staff Notes following the text of Juv.R. 37 reveal that the word proceedings, as used in the rule, include the receiving of any admission or denial, as well as evidentiary hearings. Further, Juv.R. 40(D) provides that all hearings before magistrates shall be in accordance with these rules and any applicable statutes, as if before the court. Except as otherwise provided by law and notwithstanding the provisions of Juv.R. 37, all proceedings before magistrates shall be recorded in accordance with procedures established by the court.[7] Clearly, since the receipt of L.D.'s admission before a magistrate determined the disposition of his case, Juv.R. 37 dictates that the proceeding should have been recorded. The State concedes that no record of any of the proceedings sub judice was preserved in any medium. This deficiency strips this court of the ability to evaluate whether an appellant's constitutional rights have been properly explained and observed by the magistrates below.
This court has repeatedly held that the failure of Juvenile Court to adequately record its proceedings in accordance with Juv.R. 37 and Juv.R. 40 mandates reversal with instructions to conduct a new adjudicatory hearing which is properly recorded.[8] The third assignment of error also has merit.
Judgment vacated and remanded for disposition consistent with this opinion.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] His passenger was arrested for underage consumption, as was one of the juveniles riding on the outside of the Jeep. The fourth member of L.D.'s group was not apprehended that night.
[2] See App.R. 12(A)(1)(c). L.D.'s first assignment of error is:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT WHEN IT ADJUDICATED APPELLANT A JUVENILE TRAFFIC OFFENDER WITHOUT FIRST ADVISING APPELLANT OF HIS CONSTITUTIONAL RIGHTS AND THE CONSEQUENCES OF THE ADMISSION TO THE CHARGES PENDING AGAINST HIM.
[3] In re West (1998), 128 Ohio App.3d 356, 359, 714 N.E.2d 988, citing In re McKenzie (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377.
[4] Id.
[5] Id.
[6] Id. citing State v. Nero (1991), 56 Ohio St.3d 106, 108,564 N.E.2d 474;
[7] Juv.R. 40(D)(2).
[8] In re Kester (May 3, 2001), Cuyahoga App. No. 77772, unreported; In re Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757, unreported; In re Collins (1998), 127 Ohio App.3d 278; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (1997) 124 Ohio App.3d 547,706 N.E.2d 839.