OPINION
Appellant Amanda Pritchard appeals on the basis that the Tuscarawas County Court of Common Pleas, Juvenile Division, erred when it accepted her plea of admission without substantially complying with the requirements of Juv.R. 29(D). The following facts give rise to this appeal.
On November 21, 2000, the juvenile court found appellant to be a delinquent child. As part of her disposition, the juvenile court ordered appellant to submit to a drug and alcohol assessment at the Tuscarawas County Alcohol and Addiction Center. Appellant failed to do so. Thereafter, on January 24, 2001, appellant was charged with violating this order by failing to submit to the drug and alcohol assessment.
After entering a denial to the charge, appellant appeared, with counsel, for an adjudicatory hearing on May 11, 2001. Prior to the commencement of this hearing, appellant's counsel informed the juvenile court that appellant wished to enter an admission to the charge. After accepting appellant's admission, the juvenile court placed appellant on probation, for a period of one year, and continued the matter for a disposition hearing. Appellant appeared for the disposition hearing on July 9, 2001. At this hearing, the juvenile court ordered her to serve ten days in the Juvenile Attention Center.
Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF ADMISSION WITHOUT FIRST SUBSTANTIALLY COMPLYING WITH THE REQUIREMENTS OF JUVENILE RULE 29(D)(1).
 I
Appellant contends, in her sole assignment of error, that the trial court erred when it accepted her plea of admission without substantially complying with Juv.R. 29(D)(1). We agree.
Juvenile delinquency proceedings must comport with the requirements of due process. In re Gault (1967), 387 U.S. 1. Ohio codified this due process requirement in Juv.R. 29. This rule provides, in pertinent part:
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing.
* * *
A plea of true in a juvenile proceeding is analogous to a guilty plea made by an adult pursuant to Crim.R. 11. In re Jenkins (1995),101 Ohio App.3d 177, 179. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to ensure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778, 781; In re McKenzie
(1995), 102 Ohio App.3d 275, 277. In order to satisfy the requirements of Juv.R. 29(D), "the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998),128 Ohio App.3d 356, 359, citing In re McKenzie, supra, at 277.
Juv.R. 29(D) also places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567, 571. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See, for example, In re Royal (1999),132 Ohio App.3d 496, 504 and In re Brooks (1996), 112 Ohio App.3d 54,57. The "failure of the juvenile court to substantially comply with Juv.R. 29(D) has [a] * * * prejudicial effect * * * necessitating a reversal of the adjudication so that the juvenile may plead anew." In reDoyle (1997), 122 Ohio App.3d 767, 772, citing In re Hendrickson (1996),114 Ohio App.3d 290, 293. It is based upon this standard that we review appellant's sole assignment of error.
In the case sub judice, appellant maintains the juvenile court failed to substantially comply with Juv.R. 29(D)(1) because it failed to engage in any meaningful dialogue with her regarding her understanding of the nature of the allegations and the consequences of the admission and failed to apprise her of the consequences of her admission, specifically, that she may be confined in the Juvenile Attention Center. The record contains the following dialogue between appellant and the juvenile court:
 COURT: You understand if you would admit this today, and it's a first degree misdemeanor, if you admit this today you're waiving your right to a trial that we're prepared to give you today. You're waiving your right to make the State prove beyond a reasonable doubt that you committed this offense. You're waiving your right to make the State present evidence and witnesses against you to prove their case and you're waiving your right to allow Mr. Bohse to cross examine those witnesses on your behalf. Do you understand what those things mean?
PRITCHARD: Yes.
 COURT: Do you understand that you are waiving your right to allow Mr. Bohse to present witnesses on your behalf at a trial and you're waiving your right against self-incrimination because if you admit this you're making a statement that I'll use against you to the extent that we will proceed to a complete disposition at some point. Okay, do you understand?
PRITCHARD: Yes.
 COURT: You're waiving most of your rights of appeal. There are some rights of appeal that remain after an admission to a juvenile charge, but most of them are waived. You do have a right to file an appeal within thirty days of the date of my final entry. You have a right to have an attorney appointed to represent you in that appeal and you have a right to a free transcript in order to file that with the Court of Appeals. Okay, do you understand those things? * * *
PRITCHARD: Yes. Tr. May 11, 2001, at 2-3.
Appellee responds that based upon the above dialogue, the juvenile court substantially complied with the requirements of Juv.R. 29(D). Further, appellant had the benefit of previously participating in a dialogue with the juvenile court concerning the complaint and her rights during the arraignment in addition to the dialogue that occurred between the juvenile court and appellant prior to appellant entering an admission.
In the case of In re West, supra, the Cuyahoga County Court of Appeals discussed the concept of "substantial compliance" as it pertains to Juv.R. 29. Substantial compliance "* * * means that under the totality of the circumstances, the record demonstrates the juvenile subjectively understood the implications of his admission and the rights being waived." In re Dillard (Dec. 3, 2001), Stark App. Nos. 2001CA00093, 2001CA00121, unreported, at 2, citing West at 359.
"The purpose in the rule here is explicit; it is intended to ensure a juvenile does not enter a plea of true unless he or she understands the charges, penalties, and the juvenile's rights before the court." In reDillard at 2. Thus, "* * * absent a showing of prejudice, if there is substantial compliance with the rule, the court may conclude the plea was voluntarily and intelligently entered. The test for prejudice is whether the plea would otherwise have been made, * * *." Id.
In the matter currently before the court, the record indicates the juvenile court did not review the charge with appellant. In fact, the charge is not even mentioned on the record at the hearing on May 11, 2001. The juvenile court also did not discuss the possible penalties it may impose as punishment. However, the juvenile court did thoroughly review the rights appellant would be waiving by entering an admission. Tr. May 11, 2001, at 2-3. Based upon the record before this court, we conclude the trial court did not substantially comply with Juv.R. 29(D) when it accepted appellant's admission.
Accordingly, we sustain appellant's sole assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: WISE, P.J., BOGGINS, J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Cost to Appellee State of Ohio.