DECISION AND JUDGMENT ENTRY
{¶ 1} Jonathan Hudnall appeals his adjudication as a delinquent child by the Lawrence County Court of Common Pleas, Juvenile Division. He asserts that his admission was not voluntary because the prosecutor coerced him by threatening to prosecute the complaining witness after she indicated to Hudnall's counsel that she wished to drop the charges. Because we find that the trial court substantially complied with Juv.R. 29(D), we disagree and affirm the judgment of the trial court.
 I. {¶ 2} In June 2002, an investigator filed a complaint against Hudnall alleging two delinquency counts. Count I alleged that Hudnall was delinquent because he took a minivan without the consent of Marlene Hudnall, an act that if committed by an adult would be a violation of R.C. 2913.02. Count II alleged that Hudnall was delinquent because he assaulted an eleven-year-old girl, an act that if committed by an adult would violate R.C. 2903.13.
 {¶ 3} At the detention hearing held on June 18, 2002, Hudnall's attorney told the court that Marlene Hudnall had informed him that she wanted to drop the charges. The prosecutor immediately responded by withdrawing his prior offer of dropping the second count of the complaint if Hudnall admitted the first count.
 {¶ 4} After further discussion by the parties of whether to detain Hudnall during the case, the prosecuting attorney stated, "* * * I am not going to dismiss the charges that are filed based on what Marlene is now saying[,] that she wants them dismissed. I'm not going to do that. Over my dead body, I'm not going to do that. Know, if we come back and by some circumstance I can't win this case so to speak and she demands that she not say in her testimony the same things she said in her affidavit[,] I'm going to file charges against Marlene Hudnall[.] This has to stop. This is the tenth or twelth (sic) time that I can remember this exact sceniaro (sic) being played out in this courtroom[.] I'm not going to be a party to it ever again. And I've told Marlene that to her face on numerous occassions (sic) in the past."
 {¶ 5} On July 1, 2002, the trial court held an adjudication hearing. Hudnall admitted Count I of the complaint in exchange for the prosecutor dismissing Count II. The trial court went through a lengthy recitation of the rights Hudnall waived by entering an admission and the consequences of the admission. The trial court specifically asked Hudnall, "Anyone making threats or promises or anyway forcing you into that?" Hudnall replied, "No, sir." Hudnall, his father, and his guardian ad litem signed a waiver. Just above their signatures, the statement "No promises, threats or inducements have been made to me by anyone to secure this waiver" appeared. In its judgment entry, the trial court found that Hudnall entered a "voluntary admission to [Count] I."
 {¶ 6} Hudnall appeals and assigns the following error: "The admission of juvenile Jonathan Hudnall to the delinquency count of grand theft was obtained by coercion."
 II. {¶ 7} In his only assignment of error, Hudnall argues that the prosecutor's threat to prosecute the complaining witness, Marlene Hudnall, was inherently coercive and rendered his admission involuntary.
 {¶ 8} Juv.R. 29(D) deals with a Juvenile Court's acceptance of an admission by a juvenile. It provides in part:
 {¶ 9} "The court * * * shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 10} An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C). In re Christopher R. (1995), 101 Ohio App.3d 245, 247; In reJenkins (1995), 101 Ohio App.3d 177, 179. Both rules require the respective trial courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778, 781; In re McKenzie
(1995), 102 Ohio App.3d 275, 277. The failure of a lower court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Id. Thus, we review the trial court's acceptance of Hudnall's admission for substantial compliance with Juv.R. 29(D).
 {¶ 11} Here, we cannot find that the threat made to Marlene Hudnall rendered Hudnall's admission involuntary. During the adjudicatory hearing, Hudnall denied that anyone made threats or promises or otherwise forced him into admitting Count I. Hudnall, his father, and his guardian ad litem also signed a waiver that included a statement that "No promises, threats or inducements have been made to me by anyone to secure this waiver." The statement by the prosecutor was not related in any way to an admission by Hudnall. To the contrary, the prosecutor's statement was directed to his grandmother, Marlene Hudnall, and simply indicated that if she were to testify to facts contrary to her signed affidavit, that he would "file charges against [her.]" We fail to see how this statement threatened Hudnall in any way. Accordingly, we find no error in the trial court accepting Hudnall's admission, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, J. Harsha, J.: Concur in Judgment and Opinion.