OPINION
{¶ 1} S.H. appeals from a finding of delinquency made by the Montgomery County Juvenile Court. S.H. was charged in Juvenile Court with two delinquency counts, one alleging that he was delinquent because he committed aggravated arson, the other that he committed burglary.
 {¶ 2} The State of Ohio moved to transfer the delinquency matter to the Common Pleas Court pursuant to R.C. 2152.10(B), R.C. 2152.12(B) and Juv.R. 30. On June 10, 2003, the juvenile court judge found that the State had satisfied its burden of establishing probable cause that the alleged delinquent acts had occurred. An amenability hearing was held on July 29, 2003.
 {¶ 3} On August 8, 2003, prior to determining amenability, the juvenile court accepted an admission from S.H. concerning the offenses in the complaint and found him to be a delinquent child. The juvenile court found S.H. to be amenable to treatment in the juvenile system and it denied the State's motion to transfer S.H. to the common pleas for prosecution as an adult. On the same day, the juvenile court committed S.H. to two consecutive commitments to the Department of Youth Services for terms of a minimum of twelve months and a maximum period not to exceed S.H.'s attainment of age twenty-one years.
 {¶ 4} In his first assignment of error, S.H. contends the trial court erred in accepting his admissions without properly advising him of the consequences of his admissions and improperly coercing him into the admissions.
 {¶ 5} In particular, S.H. contends that the juvenile court failed to substantially comply with the provisions of Juv.R. 29(D)(1) in that the court failed to advise him that he could receive consecutive commitments to the Department of Youth Services.
 {¶ 6} Juv.R. 29(D) provides as follows:
 {¶ 7} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." (Emphasis added).
 {¶ 8} Ohio courts have construed Juv.R. 29(D) as analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C). In reChristopher R. (1995), 101 Ohio App.3d 245, 247, In re Jenkins
(1995), 101 Ohio App.3d 177, 179. Both the juvenile and the criminal rules require the trial courts to make careful inquiries in order to insure that the admission of guilt by a juvenile or a guilty plea by an adult is entered knowingly and voluntarily. Inre Flynn (1995), 101 Ohio App.3d 778, 781; In re McKenzie
(1995), 102 Ohio App.3d 275, 277. Ohio appellate courts have held that a trial court's "substantial compliance" with Juv.R. 29(D) is sufficient when accepting a juvenile's admission. Id. The failure of a court to do so constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Id.
 {¶ 9} In State vs. Johnson (1988), 40 Ohio St.3d 130, the Ohio Supreme Court held that the failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively is not a violation of Crim.R. 11(C)(3), and does not render the plea involuntary.
 {¶ 10} The State argues that since the juvenile rule is similar to the criminal rule of procedure, the juvenile court was not required to inform the juvenile that he might receive consecutive commitments, but was only required to inform the juvenile of the maximum penalty for each delinquent charge. We agree. We believe it is doubtful the Ohio Supreme Court would interpret the juvenile rule differently than it has interpreted the analogous criminal rule. In any event, the State argues and we agree that S.H. was informed the maximum commitment he faced was until his 21st birthday. The juvenile court substantially complied with the juvenile rule in explaining to S.H. the consequences he faced by admitting the delinquent charges.
 {¶ 11} Secondly, S.H. argues that the juvenile judge improperly coerced his admissions by making the following statement at the beginning of the amenability hearing:
 {¶ 12} "THE COURT: We are here this afternoon in order for the court to make some determinations concerning the motion to transfer, this court having found probable cause in this matter. The court also is at the point of having had an amenability hearing and the court is at this time prepared to make a disposition. The disposition in this matter depends upon ifthese young men are willing to plead to this offense. Do youunderstand?
 {¶ 13} "THE JUVENILE: Yes, sir." (August 8, 2003 Hearing Tr. 1; emphasis added).
 {¶ 14} The court then advised S.H. of the nature of the charges and of his rights under Juv. R. 29. Upon inquiry S.H. informed the court he was entering his plea or admissions of his own volition. (Tr. 11).
 {¶ 15} S.H. argues that he was coerced to enter his admissions because the court made the "subtle hint" that if he didn't do so, the court would find he was not amenable to treatment as a juvenile, and transfer the matter to the common pleas court for prosecution of him as an adult.
 {¶ 16} The State argues that the court's remarks were not so coercive as to make S.H.'s admissions involuntary, and in any event, S.H. never sought to withdraw his admissions in the lower court at any time. The State notes that the Eighth District has held that the failure of the juvenile to request a withdrawal of the admission waives any error on appeal. In re Nicholson
(1999), 132 Ohio App.3d 303, 307. The rationale behind the appellate court's ruling is not set out but, presumably, the court thought the trial court should be given the first opportunity to address and correct any defect in the court's process of accepting the juvenile's admission. Also, this withdrawal process in the juvenile court permits the juvenile an opportunity to testify whether he or she would not have entered the admission but for the defect in the admission process.
 {¶ 17} Notably, we have no evidence before us that S.H. would not have entered his admissions but for the alleged coercion exerted upon him by the juvenile judge.
 {¶ 18} While we are not persuaded that S.H.'s failure to move to withdraw his admission in the juvenile court waived his right to appeal the court's alleged failure to comply with Crim.R. 29, we do not find the court's statements at the dispositional hearing to be improper. The juvenile court certainly had a right to consider whether the juvenile was willing to accept responsibility for his delinquent conduct in determining whether the juvenile was amenable to treatment in the juvenile court system. We do not find the court's remarks to be so coercive as to render S.H.'s admissions involuntary. The assignment of error must be overruled. The judgment of the trial court is Affirmed.
Fain, P.J., and Wolff, J., concur.