{¶ 51} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error.
 {¶ 52} Upon consideration of the record, I would conclude that the trial court, prior to accepting appellant's admission to gross sexual imposition, did not substantially comply with Juv. R.29(D).
 {¶ 53} Juvenile Rule 29 states, in relevant part, as follows:
 {¶ 54} "(D) Initial procedure upon entry of an admission.
 {¶ 55} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 56} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 57} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 58} In order to satisfy the requirements of Juv.R. 29(D), "the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998),128 Ohio App.3d 356, 359, 714 N.E.2d 988, citing In re McKenzie
(1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377. Juv.R. 29(D) also places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.In re Beechler (1996), 115 Ohio App.3d 567, 571,685 N.E.2d 1257. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See, for example, In re Royal (1999),132 Ohio App.3d 496, 504, 725 N.E.2d 685 and In re Brooks (1996),112 Ohio App.3d 54, 57, 677 N.E.2d 1229. The "failure of the juvenile court to substantially comply with Juv.R. 29(D) has [a] * * * prejudicial effect * * * necessitating a reversal of the adjudication so that the juvenile may plead anew." In re Doyle
(1997), 122 Ohio App.3d 767, 772, 702 N.E.2d 970, citing In reHendrickson (1996), 114 Ohio App.3d 290, 293, 683 N.E.2d 76.
 {¶ 59} I would find that, at the original adjudication hearing on April 26, 2001, the Magistrate failed to properly inform appellant of the allegations of gross sexual imposition and to ascertain that appellant understood those allegations. In the case sub judice, after appellant admitted to the charge of gross sexual imposition, the prosecution, when asked by the trial court for a summary or report as to what led to the filing of the gross sexual imposition charge, stated as follows:
 {¶ 60} "Pros. Attorney: I don't have the date Your Honor, but it was alleged that while at Avondale, with another resident, the date now being March 19th this year, this individual, Danny Argo, did inappropriately touch a minor under the age of 13 at the Avondale Youth Center." Transcript of April 26, 2001, hearing at 13.
 {¶ 61} In order to be guilty of gross sexual imposition pursuant to R.C. 2907.05, a person must have had "sexual contact with another, not the spouse of the offender; cause[d] another, not the spouse of the offender, to have sexual contact with the offender; or cause[d] two or more other persons to have sexual contact" under certain circumstances. "Sexual contact" is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 62} I concur with appellant that the "prosecutor's explanation of the charge does not indicate that [appellant] understood he was charged with "sexual contact" as opposed to simply `inappropriately touching' or that [appellant] had an adequate understanding of what `sexual contact' meant." As further noted by appellant, an "inappropriate touch" does not have to be sexual in nature, but rather can be an accidental or non-sexual intentional contact. In short, I would find that the trial court failed to sufficiently explain the nature of the allegations of gross sexual imposition in this case and failed to properly determine that appellant understood that he was admitting to a "touch" that was sexual in nature. Moreover, from the record, it is clear that the trial court, prior to accepting appellant's admission to gross sexual imposition, never advised appellant that, by entering an admission, he was waiving his Juv.R. 29(D) right to introduce evidence at the adjudicatory hearing.
 {¶ 63} I would further find that the trial court failed to properly comply with Juv. R. 29(D) with respect to the April 26, 2002, probation violation hearing. The following is an excerpt from the April 26, 2002, hearing:
 {¶ 64} "Question: Magistrate Buck: Again, any other questions about any part of the proposed agreement?
 {¶ 65} "Answer: Danny Argo: No Your Honor.
 {¶ 66} "Question: Magistrate Buck: And you understand, you enter a change of plea here today and admit this violation of probation charge, you are waiving or giving up the right to then any further full contested Hearing on that charge? You understand that?
 {¶ 67} "Answer: Danny Argo: Yes Your Honor.
 {¶ 68} "Question: Magistrate Buck: You understand that you would be waiving or giving up the right for either you or your Attorney on your behalf to confront or cross examine any witnesses or evidence against you on that charge?
 {¶ 69} "Answer: Danny Argo: Yes Your Honor.
 {¶ 70} "Question: Magistrate Buck: And you understand you'd be waiving or giving up your right to remain silent on the charge?
 {¶ 71} "Answer: Danny Argo: Yes Your Honor.
 {¶ 72} "Question: Magistrate Buck: You can expect that you would be found to be a delinquent child by the single count of violation of your probation and the only thing then remaining would be for the Court to impose the sentence we've been discussing so again any questions about any part of the proposed agreement? What we are doing here today or what's going to happen?
 {¶ 73} "Answer: Danny Argo: No Your Honor.
 {¶ 74} "Question: Magistrate Buck: In exchange then for the recommended disposition from the State of Ohio, are you then withdrawing your previous plea of denial and are then now admitting to being a delinquent child by the single count of violation of your probation by failure to follow placement rules and regulations?
 {¶ 75} "Answer: Danny Argo: Yes Your Honor." Transcript of April 26, 2002, hearing at 10-11.
 {¶ 76} At the probation violation hearing on April 26, 2002, as well as the original April 26, 2001, hearing, the trial court clearly failed to advise appellant that, by entering an admission, he was giving up the right to introduce evidence at the adjudicatory hearing. For such reason, I would find that the trial court violated appellant's due process rights by accepting his admissions to the probation violation without complying with Juv. R. 29(D).
 {¶ 77} The majority, in its opinion, cites recent case law from the United States Supreme Court holding that omission of a single Rule 11 warning is not colorable structural error and that the standard of review for compliance with Fed. Rules Cr. Proc. Rule 11 in informing an adult criminal defendant of his rights prior to a plea of guilty is plain error. However, I do not find such case persuasive since it concerns rights of adult rather than juvenile defendants. Juv.R. 9(D) requires the trial court to personally address the juvenile and find out directly from the juvenile whether he or she understands his or her rights. A juvenile, unlike an adult, does not have the same level of comprehension and maturity and, thus, requires a more thorough explanation of his or her rights.
 {¶ 78} For the foregoing reasons, I would reverse the felony gross sexual imposition adjudication and commitment and probation violation adjudication and commitment and remand this matter to the trial court.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division, Ohio, is affirmed. Costs to appellant.