OPINION
{¶ 1} Appellant Dalton C. appeals his adjudication and disposition entered by the Licking County Court of Common Pleas, Juvenile Division, after the trial court accepted his admission to three counts of rape. Appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 8, 2008, the Licking County Prosecutor filed a Complaint against Appellant, charging him with five counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult. Appellant entered pleas of deny at his initial hearing on January 9, 2008. Pursuant to plea negotiations, Appellant withdrew his original pleas of deny and entered pleas of admit to three counts of rape, and the State dismissed the two remaining counts. The trial court adjudicated Appellant a delinquent child and deferred sentencing pending a psychological evaluation.
 {¶ 3} After receiving and reviewing the psychological evaluation, Appellant's admissions, his prior involvement with juvenile court, the pre-dispositional report of the probation department, and his behavior while in detention as well as his explanations for such behavior, the trial court ordered Appellant be committed to the Department of Youth Services for a minimum period of 2 years and a maximum period not to exceed age 21. The trial court ordered the sentences on two of the counts be served consecutively to the sentence on the third count.
 {¶ 4} Appellant was fourteen years old at the time of the offenses, the victim was his 12-year-old girlfriend. Appellant is learning disabled and has cerebral palsy. Appellant and his girlfriend were both in seventh grade as Appellant was held back and *Page 3 
attended special education classes during his early school years. The charges were brought against Appellant after he and his girlfriend stayed out all night, neither returning to his/her respective home. Appellant's girlfriend acknowledged having sex was "wrong", but did not know such was against the law. The psychological evaluation revealed Appellant had difficulty understanding why his girlfriend's chronological age was relevant and believed the sexual conduct was inappropriate because it occurred outside a marriage.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. DALTON C.'S ADMISSION TO THREE COUNTS OF RAPE WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, AS REQUIRED BY THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV. R. 29.
 {¶ 7} "II. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT COMMITTED DALTON C. TO THE DEPARTMENT OF YOUTH SERVICES."
 I {¶ 8} In his first assignment of error, Appellant maintains his admission to three counts of rape was not knowing, intelligent and voluntary; therefore, in violation of the Fifth andFourteenth Amendments to the US Constitution, Article I, Section 10 of the Ohio Constitution, and Juv. R. 29.
 {¶ 9} Juv. R. 29(D) provides:
 {¶ 10} "The court shall not accept an admission without addressing the party personally and determining both of the following: *Page 4 
 {¶ 11} "(1)The party is making the admission voluntarily with an understanding of the nature of the allegations and the consequences of the admission;
 {¶ 12} "(2)The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 13} Specifically, Appellant takes issue with the trial court's failure to explain to him the terms "consecutive" and "concurrent", and failure to explain the sex offender registration requirements. Appellant states he was not advised of such until his sentencing which occurred six weeks after he entered his admission.
 {¶ 14} At the change of plea hearing, the trial court conducted the following colloquy with Appellant:
 {¶ 15} "Q. Dalton, your attorney has indicated that you intend to withdraw your earlier entered pleas of deny and enter pleas of admit to Counts 2, 3, and 5; is that true or correct?
 {¶ 16} "A. Yes, sir, it's correct.
 {¶ 17} "Q. Do you know what the word "admit" means?
 {¶ 18} "A. Yes, sir.
 {¶ 19} "Q. What does it mean?
 {¶ 20} "A. it means to admit to something I've done.
 {¶ 21} "Q. Well, by entering a plea of admit you're saying, yes, Judge, it's true. I did what I'm accused of having done as set forth in Counts 2, 3, and 5 of the complaints. * * *.
 {¶ 22} "So you do understand what it means, then, when you're saying I admit — *Page 5 
 {¶ 23} "A. Yes, sir.
 {¶ 24} "* * *
 {¶ 25} "Q. Is anyone forcing you to enter these pleas of admit against your will?
 {¶ 26} "A. No, sir.
 {¶ 27} "Q. Are you doing so voluntarily? No one's forcing you, correct?
 {¶ 28} "A. No, sir.
 {¶ 29} "Q. All right. Have you had a chance to talk to your lawyer about your case?
 {¶ 30} "A. Yes, sir.
 {¶ 31} "Q. Are you satisfied with the advice that your lawyer has given you?
 {¶ 32} "A. Yes, sir.
 {¶ 33} "Q. Do you understand that by entering a plea of admit you're giving up your right to challenge the evidence against you? In other words, by entering a plea of admit there will be no witnesses come to court; do you understand?
 {¶ 34} "A. Yes, sir.
 {¶ 35} "Q. In other words, you're giving up your right to question them. You're giving up your right to cross-examine them; do you understand that, too?
 {¶ 36} "A. Yes, sir.
 {¶ 37} "Q. By entering a plea of admit you're giving up your right to present evidence in your behalf. In other words, there will be no witnesses coming into court to testify for you. You're giving up that right by entering a plea of — pleas of admit to these three charges; do you understand?
 {¶ 38} "A. Yes, sir — sir. *Page 6 
 {¶ 39} "Q. Also by entering a plea of admit to these three charges, you're giving up your right to remain silent. * * * Do you understand what I've just said?
 {¶ 40} "A. Yes, sir.
 {¶ 41} "Q. Okay. Do you have any questions at all regarding your legal rights or the nature of these proceedings?
 {¶ 42} "A. No, sir.
 {¶ 43} "Q. Do you also understand that the charge of rape is very serious? In Ohio, as applied to juveniles, the charge of rape is classified as felony of the first degree. And as a felony of the first degree, if you're found to be a juvenile delinquent for having done this, the Court could commit you to the Ohio Department of Youth Services — which in our state is our youth authority — for confinement in a secure institution for an indeterminate or indefinite period of time of not less than one year, to a maximum period of time not to exceed your 21st birthday. Do you understand that that could happen, if the Court accepts your pleas of admit?
 {¶ 44} "A. Yes, sir.
 {¶ 45} "Q. In other words, you understand the potential penalties?
 {¶ 46} "A. Yes, sir."
 {¶ 47} Transcript of Adjudicatory Hearing at 5-8.
 {¶ 48} While the trial court need not strictly adhere to the procedures set forth in Juv. R. 29(D), it must substantially comply with the provisions. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 9.
 {¶ 49} In accepting an admission from a juvenile, the court is required to personally address the juvenile and conduct an on-the-record discussion to determine *Page 7 
whether the admission is being made voluntarily and with an understanding of the nature of the allegations and the possible consequences of the admission. Juv. R. 29(D)(1); In re McKenzie (1995),102 Ohio App.3d 275, 277, 656 N.E.2d 1377.
 {¶ 50} "[T]he applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv. R. 29(D). . . ." In re Christopher R. (1995), 101 Ohio App.3d 245, 248,655 N.E.2d 280 (quoting In re Meyer (Jan. 15, 1992), Hamilton App. No. C-910292. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea. In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281 (quoting State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474). If there is substantial compliance, a court may conclude the plea was voluntary absent a showing of prejudice. In re West (1998),128 Ohio App.3d 356, 714 N.E.2d 988. The test for prejudice is whether the plea would have otherwise been made. In re Dillard, Stark App. No. 2001CA00121, 2001-Ohio-1897 (citing State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163.
 {¶ 51} Failure of the trial court to substantially comply with the provisions of Juv. R. 29(D) requires reversal, allowing the juvenile to "plead anew." In re Christopher R., supra.
 {¶ 52} Upon review of the record, we find the trial court did advise Appellant of the Constitutional Rights he was waiving and the consequences of his admission. The trial court also advised Appellant of the possibility of commitment to the Department of Youth Services for a minimum period of one year, and a maximum period until age 21. However, the trial court did not advise Appellant of the possibility of consecutive sentences, nor explain the sex offender registration requirements. *Page 8 
 {¶ 53} Ohio appellate courts have construed Juv. R. 29(D) as being "similar to" or "analogous to" Crim. R. 11(C)(2). In re ChristopherR. (1995), 101 Ohio App.3d 245, 247, 655 N.E.2d 280, 281-282; In reFlynn (1995), 101 Ohio App.3d 778, 781-782, 656 N.E.2d 737, 738-740;In re McKenzie (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377,1378-1379;
 {¶ 54} While a trial court is required to personally address a defendant at a plea hearing regarding "the maximum penalty involved," Crim. R. 11(C)(2), it is not required to inform the defendant that his sentences may be imposed consecutively. See State v. Johnson (1988),40 Ohio St.3d 130, 532 N.E.2d 1295. As the Ohio Supreme Court stated, "[t]here is no specific requirement in [Crim. R. 11] that an explanation be made that any sentences as given may run consecutively, or only concurrently, as might benefit the defendant. We shall not at this time implant verbiage that is not presently in the rule." Id. at 133-134,532 N.E.2d 1295. As such, it follows the trial court did not err by failing to inform Appellant at the plea hearing of the possibility his sentences could be run consecutively. See State v. Portefield, Trumbull App. No. 2002-T-0045, 2004-Ohio-520.
 {¶ 55} Likewise, it is well settled, a trial court need not inform a sex offender of the registration and notification requirements of R.C. Chapter 2950 before accepting a plea. Courts have described the registration and notification requirements as collateral consequences of a defendant's guilty plea to a sex offense State v. Hiles (Dec. 24, 1998), Delaware App. No. 98CAA04023, unreported; State v. Condron (March 27, 1998), Montgomery App. No. 16430 ("Because Megan's laws are not punitive, the registration and notification requirements are collateral consequences of a defendant's *Page 9 
guilty plea."). Therefore, a trial court is not obligated to inform a defendant about these requirements before accepting his plea, and its failure to do so does not render the plea invalid. State v. Abrams (Aug. 20, 1999), Montgomery App. No. 17459. Accordingly, we find the trial court did not err by failing to explain to Appellant the sexual offender registration and notification requirements.
 {¶ 56} Based upon the foregoing, Appellant's first assignment of error is overruled.
 II {¶ 57} In his second assignment of error, Appellant maintains the trial court abused its discretion in committing him to DYS.
 {¶ 58} Juvenile courts have broad discretion to craft dispositions for delinquent children. In re D.S., 111 Ohio St.3d 361, 363,2006-Ohio-5851, 856 N.E.2d 921. Generally, courts of review will not disturb a trial court's choice of disposition absent an abuse of discretion. Id. When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court.State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181.
 {¶ 59} Ohio law requires juvenile courts to make dispositions which are reasonably calculated to achieve the purposes set forth by statute for the disposition of juvenile delinquents. See, R.C. 2152.01.FN3 Those purposes include, inter alia, the care and protection of children, the protection of the public interest, holding the delinquent accountable for his actions, restoring the victim and rehabilitating the offender. Despite the stated purposes of providing for the care, protection, and *Page 10 
development of children, and to rehabilitate the offender, some circumstances justify substantial confinement in order to fulfill the purposes of protecting public safety and holding the offender accountable. See, In re J.B., Butler App. No. CA2004-09-226,2005-Ohio-7029, at paragraph 120. Therefore, if a sentence is within the appropriate statutory limit, reviewing courts presume that the trial court followed the applicable guidelines. State v. Wagner (1992),80 Ohio App.3d 88, 95-96, 608 N.E.2d 852.
 {¶ 60} Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in committing Appellant to the Ohio Department of Youth Services. Appellant's commitment is authorized by R.C. 2152.16, and the trial court's stated rationale demonstrates the trial court's decision is not unreasonable, arbitrary or unconscionable.
 {¶ 61} The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant. *Page 1